## AFFIDAVIT OF NICOLE SORRELL IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Nicole Sorrell, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and am assigned to the office of the Special Agent in Charge, Boston, MA. I have been an agent of HSI since 2009. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2. This affidavit is made in support of a criminal complaint against Spencer HUGHES (YOB 1988), the owner and occupant of the premises located at 66 Union Square, Randolph, Massachusetts, for receipt and possession of child pornography, in violation of Title 18, United States Code Section 2252A.

3. The statements in this affidavit are based in part on information provided by other law enforcement officers and on my investigation of this matter. Since this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the

facts that I believe are necessary to establish probable cause to issue a criminal complaint against HUGHES.

## STATEMENT OF PROBABLE CAUSE

4. I searched a public records database that provides names, dates of birth, addresses, associates, telephone numbers, email addresses, and other information for the address 66 Union Square, Randolph, Massachusetts. The public records located during my search suggested that HUGHES was the only person currently residing at the address.

5. I also searched for the property with the address 66 Union Square, Randolph, Massachusetts, in the Norfolk County, Massachusetts Registry of Deeds. The deeds on file with the Registry indicated that the property was last sold on September 30, 2014, and that HUGHES was the buyer. There were no other owners listed on the deed for 66 Union Square, Randolph, Massachusetts.

6. I also searched for HUGHES in records stored and maintained by the Massachusetts Registry of Motor Vehicles ("RMV"). I learned that HUGHES holds a Massachusetts driver's license. The records indicated that HUGHES reported a mailing and residential address of 66 Union Square, Randolph, Massachusetts. RMV records also revealed that HUGHES registered a motor vehicle at the same address. No other motor vehicles or drivers were registered at the address in Massachusetts RMV records.

7. On October 7, 2020, I obtained a warrant to search 66 Union Square, Randolph, Massachusetts for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A, from the Honorable Jennifer C. Boal, United States Magistrate Judge. On October 13, 2020, at about 8:00 A.M., I, together with other HSI agents, executed the warrant.

8. I confronted HUGHES outside of 66 Union Square, Randolph, Massachusetts prior to entering the building, which is a multi-unit cream-colored building with maroon shutters, and with the numerals "62, 64, 66, and 68" attached adjacent to the main entry door,. Upon request, HUGHES gave me the keys that opened the doors in the building leading to the part of the building designated "66." HUGHES later admitted that he is the owner and sole occupant of the property, 66 Union Square, Randolph, Massachusetts.

9. Upon entering the part of the building designated "66," I observed that the property is a single floor condominium unit, about 1000 square feet in size. The unit is subdivided into an open dining and living room area, and adjoining rooms consisting of a kitchen, a bathroom, one bedroom, and another room that appeared to be used as an office.

10. A Toshiba 1 terabyte external hard drive was recovered from the kitchen table in the dining area. The drive is a small, square electronic device that connects to another electronic device via a USB cable. Among other things on the same table, I observed what appeared to be police-issued equipment, such as knife, an empty magazine, and a bag. Notably, HUGHES was employed with the Town of Lincoln Police Department as a dispatcher. I also observed on the same table an ID badge with a photograph of HUGHES, identifying him as a security guard for Intercontinental Hotels.

11. The external hard drive was examined on site by HSI Special Agent Andrew Kelleher ("Kelleher"), a certified forensic examiner. I observed the results of his preliminary examination. The device was organized into folders primarily labeled by female first names. In a folder named "Abigail+9videos," I observed at least 19 digital files. Ten of the files were still images, and nine were videos. I reviewed all 10 photographs, and I watched all 9 videos.

12. The same prepubescent minor female, appearing to be approximately 10 or 11 years of age, was depicted in all 19 files.[1] Her face, body, and background were visible in the files. There appeared to be no hip or breast development or pubic hair on the female. Specifically, the female is depicted in the videos undressing, exposing her genitals, and appearing to insert objects into her genitals. In two of the videos, the object appears to be a marker with a "Hello Kitty" decal. The setting for the images and videos appears to be a child's bedroom, with walls painted purple and child-like decorations.

13. I am informed by Kelleher that the date of creation of the digital files in the folder named "Abigail+9videos" is September 5, 2019. I am further informed by Kelleher that this date of creation likely corresponds to the date that HUGHES received the files electronically.

---

[1] To avoid the electronic transmission of contraband and the unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of this image to the Court. I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images relied upon for the issuance of a criminal complaint, to determine whether the images depict the lascivious exhibition of a child's genitals. United States v. Brunette, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, I am including additional descriptions of the imagery in order to "convey to the magistrate more than [my] mere opinion that the image[s] constitute[s] child pornography." United States v. Burdulis, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing Brunette). The female in these images and videos appears to be no older than 11 – clearly younger than 18 – and the videos depict the female engaged in sexual poses rather than "merely" the lascivious display of her genitals. Furthermore, the description is specific as to the female's perceived age and physical characteristics. See United States v. Syphers, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added). The description of the imagery here is sufficiently specific as to the age and appearance of the alleged child and the type of sexual conduct the she is engaged in that the Court need not view the file to find that it depicts child pornography.

14. Following my review of the Toshiba 1 terabyte external hard drive, the device was secured pursuant to HSI policy and transported to a forensic laboratory located in HSI's Boston field office for further examination.

15. Based on my training and experience, the images and videos stored in the "Abigail+9videos" folder on the Toshiba 1 terabyte external hard drive constitute child pornography as defined in 18 U.S.C. § 2256.

## CONCLUSION

16. Based on the foregoing information and my training and experience, I submit that there is probable cause to believe that on September 5, 2019, in Massachusetts, HUGHES knowingly received, and attempted to receive, child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate or foreign commerce, or that had been mailed, or had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

17. On October 13, 2020, in Randolph, Massachusetts, HUGHES knowingly possessed material that contained one or more images of child pornography, as defined in 18 U.S.C § 2256(8), that had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A. Accordingly, I respectfully request that the Court issue the attached criminal complaint.

Respectfully submitted,

*Nicole Sorrell*
_____
Nicole Sorrell
Special Agent
Homeland Security Investigations

Sworn and subscribed before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 13th day of October, 2020.

*Marianne B. Bowler, USMJ*
_____
HON. MARIANNE B. BOWLER
United States Magistrate Judge